IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL RENO LIVENGOOD, )
    Petitioner, ) Civil Action No. 12-81 Erie
)
v. ) **District Judge Sean J. McLaughlin**
) **Magistrate Judge Susan Paradise Baxter**
BOBBY L. MEEKS, )
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Paul Reno Livengood, be denied.

**II.  REPORT**

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution, McKean. He has filed a petition for a writ of habeas corpus in which challenges the length of his placement in a Residential Re-Entry Center ("RRC"), formerly known as halfway houses or Community Correction Centers ("CCC"). He claims:

> the use [of] Program Statement 7310.04 to only afford six month placement in a RRC … conflicts with agency regulation, 18 U.S.C. § 3624(c)(1) and (c)(2), and the Second Chance Act. The staff here at FCI McKean, the Northeast Regional Director, and the BOP, has determined that they will only afford me 6 months placement in a … RRC under BOP Program Statement, 7310.04.

[ECF No. 4 at 6-7].

    **A.  Relevant Statutory/Regulatory/Policy Background**

Two statutes are relevant to this case: 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007 (the "SCA"), PL 110-199 (effective April 9, 2008).

1

The Bureau of Prisons (the "Bureau" or the "BOP") has the authority to designate the places at which an inmate shall serve his sentence pursuant to 18 U.S.C. § 3621(b). In making its designation decision, the statute requires that the BOP consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and, (5) any pertinent policy statement by the Sentencing Commission. 18 U.S.C. § 3621(b)(1)-(5).

Section 3624(c) of 18 U.S.C. describes the BOP's obligation to prepare inmates for community reentry by, *inter alia*, designating them to an RRC at the end of the term of imprisonment. Prior to April 9, 2008, that statute capped RRC placement for pre-release purposes to a maximum of 6 months. The SCA amended § 3624 to allow for a maximum of twelve months of pre-release RRC placement. It now reads, in relevant part:

> (c) Prelease custody. --
>
> (1) In general. -- The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term **(not to exceed 12 months)**, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions **may** include a community corrections facility.
> - - -
> (4) No limitations. -- **Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.**

18 U.S.C. § 3624(c)(1) & (4) (as amended by the SCA) (emphasis added).

Section 3624(c) has always provided the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC. The BOP retains this discretion under the SCA,

2

provided such pre-release confinement is practicable and the BOP considers § 3621(b)'s factors. The SCA does not mandate a particular method or procedure that the BOP must follow when making RRC referrals, as long as the criteria set forth at § 3621(b) are considered.

On October 21, 2008, the BOP issued revisions to subpart B of 28 C.F.R. part 570 as an interim final rule in order to conform its regulations with the requirements of the SCA. The rules provide that "[i]nmates **may** be designated to community confinement [RRCs] as a condition of pre-release custody and programming during the final months of the inmate's imprisonment, not to exceed twelve months[,]" 28 C.F.R. § 570.21 (emphasis added), and that such consideration will be "consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." Id. § 570.22.

The BOP issued Program Statement ("PS") 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, on December 16, 1998, in order to provide guidelines to staff regarding the effective use of RRCs and how to make pre-release custody decisions. PS 7310.04 instructed that under § 3624(c) the BOP has the discretion to refer inmates to halfway houses for up to 6 months. Importantly, however, since the enactment of the SCA, the BOP has disseminated a series of guidance memorandum to provide staff with revised policies and instructions regarding RRC placements, and which supplements and amends that which is contained in PS 7310.04. At the present time, and at the time the decisions at issue in this case where made, the applicable guidance memorandum is the one issued on June 24, 2010. [ECF No. 12-6 at 2-7, Resp's Ex. 6].

The Guidance Memorandum expressly advises:

When making RRC placement determinations, it is critical that staff understand the difference between eligibility and appropriateness. **All inmates are statutorily eligible for up to 12 months pre-release RRC placement.** Nevertheless, not all inmates are

3

appropriate for RRC placement, and for those who are appropriate, the length of the RRC placement must be determined on an individual basis in accordance with this guidance.

[Id. at 2-3 (emphasis added)]. It further instructs that the primary goal of RRC placement is to reduce recidivism. It explains that RRC resources are limited and must focus on those inmates most likely to benefit from RRCs in terms of anticipated recidivism reduction. It states: "Our strategy is to focus on inmates who are at higher risk of recidivating and who have established a record of programming during incarceration, so that prerelease RRC placement will be as productive and successful as possible." [Id. at 2].

The Guidance Memorandum also instructs that RRC placement determinations are to be made on an individualized basis using the criteria set forth at § 3621(b). [Id.] It discontinues an earlier requirement that placements of 6 months or over be approved by the Regional Director. [Id.] The Guidance Memorandum advises:

> RRC placement, in and of itself, is not a reward for good institutional behavior, nor is it an early release program or a substitute for the furlough program. RRC placement and length of placement decisions cannot be reduced solely to a classification score or any other type of arbitrary categorization. While staff assessment and analysis of tools such as the Custody Classification Form (BP-338) and the Inmate Skills Development (ISD) Plan are helpful in establishing broad-based groupings, staff must continue to exercise their professional judgment when making individual inmate RRC placement decisions and be prepared to justify those decisions.

[Id. at 5]. It then sets forth guidelines to determine the length of RRC placement. [Id. at 5-7].

These are the statutory, regulatory, and policy schemes under which the BOP made the RRC placement decision at issue in this case.

### B. Relevant Factual Background

On December 3, 2007, Petitioner was sentenced in the Western District of Pennsylvania for Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), and Possession of

an Unregistered Firearm, pursuant to 26 U.S.C. § 5861(d). The court sentenced him to a term of imprisonment of 70 months on each count, to be served concurrently. His projected release date is March 23, 2013.

On or around September 7, 2011, Petitioner's Unit Team issued a report in which they explained that they had reviewed him on an individual basis and were recommending him for an RRC placement of 6 months. This is the report issued:

> The following criteria was considered when making the RRC recommendation:
>
> 1. The resources of the facility contemplated (bed space availability)** <u>Western Pennsylvania</u>
>
> 2. The nature and circumstance of the offense  <u>Fire Arms</u>
>
> 3. The history and characteristics of the prisoner  <u>Past Serious Violence</u>
>
> 4. Any statement of the court that imposed the sentence (a) concerning the purposes for which the sentence of imprisonment was determined to be warrant or (b) recommending a type of penal or correctional facility as appropriate:
>
> 5. Any pertinent policy statement issued by the U.S. Sentencing Commission
>
> 6. Whether the inmate completed (a) Inmate Skills Development programming <u>Participates, has taken one class</u>.
> (b) non-residential Drug Abuse Treatment Program (DAP) or (c) Residential Drug Abuse Treatment Program (RDAP)
>
> As a component of the above factors, the Unit Team has considered the inmate's need for services, public safety and the necessity of the Bureau to manage its inmate population, as outlined in Program Statement 7310.04, <u>Community Corrections Center Utilization and Transfer Procedure</u>.
>
> As a result of the Unit Team's review of the aforementioned criteria, we recommend an RRC placement of <u>180 days</u>. This placement recommendation is of sufficient duration to provide the greatest likelihood of successful re-integration into the community.

[ECF No. 12-1 at 30, Resp's Ex. C].

Respondent provides additional detail in his Answer, explaining:

5

- Resources of the RRC – RRC resources vary depending upon the location of the RRC in each inmate's release area. RRC bed space varies depending upon the time in which the inmate is transferred to the RRC. Although this factor was considered by unit team, it was not viewed as a significant factor in recommending inmate Livengood for an RRC placement of less than 12 months. Thus, resources of the RRC, though considered, had little to no bearing on inmate Livengood's recommended RRC placement.

- Nature and Circumstances of Offense – Inmate Livengood was sentenced to a 70 month term of imprisonment for Possession of a Firearm By a Convicted Felon and Possession of an Unregistered Firearm.

- Inmate's History and Characteristics – Inmate Livengood has maintained strong social ties with his mother and brother. He has his own house where he will live upon release. Inmate Livengood has a significant work history and specialized experience in the Construction and Extraction field. Inmate Livengood's extensive work history and experience, personal relationships and his overall release plan, which includes a stable residence, weighed against recommending him for a maximum RRC placement. Additionally, his criminal history, which includes serious violence, weighed towards a shorter recommended placement, in that the safety of the public may be at risk.

- Statements of the Sentencing Court – To date, the sentencing court has not made any statements regarding RRC placement.

- Policy Statements Issued by the U.S. Sentencing Commission – Since November 25, 2008, the U.S. Sentencing Commission had not issued any policy statements related to the Bureau's pre-release RRC placement procedures.

[ECF No. 12 at 10, quoting Declaration of Kenneth Wright, Case Manager at FCI McKean, at ¶11(a)-(e)]. Respondent further explains that because RRCs are less secure and generally more accessible to the public than prison camps, public safety was also taken into account. Whenever an inmate is moved to an institution or facility of lesser or greater security, the BOP must consider its responsibility to manage its inmate population. [Id., citing Wright Decl. at ¶ 13].

The Unit Team prepared an RRC referral packet, which had to be approved by the Warden, who is the Respondent in this action. [ECF No. 12-1 at 4-5, Wright Decl. at ¶¶ 7-9]. On May 29, 2012, Respondent recommended an RRC placement of 151-180 days. [ECF No. 12-1 at 32, Resp's Ex. D].

Petitioner pursued his administrative remedies. [ECF No. 4 at 10-12]. That was unsuccessful and he now seeks an order from this Court directing the Respondent "to reconsider placing me in a … RRC immediately[.]" [ECF No. 4 at 8]. On July 20, 2012, Respondent filed an Answer [ECF No. 12], and this case is now ripe for review.

**C.     Discussion**

Petitioner has no substantive right to any particular length of time in an RRC under § 3624(c), as amended by the SCA. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244-51 (3d Cir. 2005) (in exercising its discretion to make RRC placement decisions, the BOP must consider the factors set forth in § 3621(b); "[h]owever, that the BOP may assign a prisoner to [an RRC] does not mean that it must."). See also Marshall v. Lansing, 839 F.2d 933, 949-50 (3d Cir. 1988) (the discretionary decision made by the Parole Commission where to place an individual within the range specified by the appropriate guideline was not reviewable). As Respondent notes, 18 U.S.C. § 3624 sets a maximum amount of time that a prisoner can spend at an RRC (not more than 12 months). It does not set any minimum amount of time that a prisoner must spend there.

This Court may only evaluate the BOP's decision to determine if it abused its discretion by not adhering to the requirements of the applicable statutes. Vasquez v. Strada, — F.3d —, 2012 WL 1963359, *2 (3d Cir. Jun. 1, 2012) (per curiam); Woodall, 432 F.3d at 244-49 (the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations); Marshall, 839 F.2d at 942-51 (district court's authority to ensure that an agency adheres to the law does not permit it to displace the agency's decisionmaking process; the role of the court is limited to ensuring that the agency follows the law and its regulations (which have the force of law)).

7

From the brief statement of his claim, it appears that Petitioner may believe that the BOP staff is improperly applying the instruction in PS 7310.04 which set the maximum placement in an RRC at 6 months. If that is his claim, it has no merit because, as set forth above, subsequent guidance memorandum and regulations issued by the BOP have supplemented and amended PS 7310.04 and instruct, in accordance with the SCA, that all inmates are statutorily eligible for up to 12 months pre-release RRC placement.

To the extent that Petitioner's claim is that the BOP abused its discretion by failing to adhere to the applicable law, that claim is denied because the record demonstrates that BOP staff evaluated his RRC placement in accordance with the criteria set forth in § 3621(b), as required by § 3624(c). Vasquez, — F.3d __, 2012 WL 1963359 at *2 (finding no abuse of discretion in reaching the determination that a 5 to 6 RRC placement was sufficient).

Finally, to the extent that Petitioner wants this Court to review the BOP's decision regarding the length of his RRC placement because he believes that he should be placed in an RRC for a greater amount of time, this Court cannot do so. The Administrative Procedure Act ("APA") provides that courts may not review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Congress specified in 18 U.S.C. § 3625 that "[t]he provisions of sections 554 and 555 and 701 and 706 of [the APA] do not apply to the making of any determination, decision, or order under subchapter [which includes 18 U.S.C. § 3621 and § 3624]." Therefore, since it has already been determined that there is no evidence that the BOP failed to adhere to the applicable law, its determination regarding the length of time that Petitioner would spend in an RRC is not subject to judicial review. See, e.g., Reed v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2010) ("There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to

8

'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624…. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.").

### **D.** **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

**III.   CONCLUSION**

For the foregoing reasons, it is respectfully recommended that that the petition for a writ of habeas corpus be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated:  August 3, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge